UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHIRLEY PERSONS PIGOTT, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-12-917 |
| | § | |
| GREG ABBOTT, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Shirley Persons Pigott's Petition for Writ of Habeas Corpus, Respondents Josh McCown's and Jess Howell's motion to be dismissed from the case, and Respondent Greg Abbott's Answer to the petition. Having carefully considered the Petition, the Motion, the Answer, and the arguments and authorities submitted by the parties, the Court is of the opinion that Respondents' Motion to Dismiss should be GRANTED, and Pigott's Petition for Writ of Habeas Corpus should be DENIED.

I.  Background

Pigott was convicted in the 329th District Court of Wharton County, Texas of two counts of evading arrest with a vehicle, and was sentenced to two years imprisonment. The 13th Court of Appeals in Corpus Christi affirmed the conviction and sentence, *Pigott v. State*, No. 13-10-00234-CR (Tex. App. – Corpus Christi-Edinburg, 2011). The Texas Court of Criminal Appeals ("TCCA") refused her petition for discretionary review. *Pigott v. State*, PDR No. 1619-11(Tex. Crim. App. 2011). Pigott did not seek state habeas corpus relief.

The intermediate court of appeals summarized the relevant facts of this case:

> On September 29, 2007, State Trooper Alfred Ochoa stopped [Pigott] for speeding on Highway 59 in Wharton County, Texas. [Pigott] refused to roll down her window, but told Trooper Ochoa

> that she was afraid and wanted another officer at the scene. When Trooper Ochoa refused to summon another officer, [Pigott] slowly drove away, with Trooper Ochoa slowly in pursuit. Trooper Ochoa requested assistance, and Sergeant Daniel Terronez pulled even with [Pigott]'s vehicle as Trooper Ochoa followed [Pigott]; [Pigott] pulled over to the right shoulder. However, [Pigott] continued to refuse to roll down her window, and after the officers attempted to break a rear window, [Pigott] drove away a second time. [Pigott] was initially speeding, reaching over 100 miles per hour, but then decreased her speed. She eventually pulled over, stopped, and was arrested.

*Pigott v. State*, slip op. at 2-3.

II. The Applicable Legal Standards

This federal petition for habeas relief is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under the AEDPA federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999). For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this court may grant relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001). Under the "contrary to" clause, this court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially

indistinguishable facts.'"  *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000), *cert. denied*, 532 U.S. 915 (2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  *Williams*, 529 U.S. at 406.  "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts."  *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999).  A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence."  *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd,* 286 F.3d 230 (5th Cir. 2002) (en banc), *cert. denied sub nom. Neal v. Epps*, 537 U.S. 1104 (2003).  The sole inquiry for a federal court under the 'unreasonable application' prong becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'"  *Id.* (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). The state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997), *cert. denied*, 522 U.S. 1119 (1998).

III.   Analysis

Pigott's petition appears to raise two claims for relief: 1) the prosecutor retaliated against Pigott for filing pre-trial motions; and 2) the prosecutor engaged in improper closing argument intended to inflame the passions of the jury.

   A.   County Defendants' Motion To Dismiss

Respondents Josh McCown and Jess Howell have filed a motion to dismiss them from the case. McCown is the District Attorney for Wharton County, Texas, and Howell is the Wharton County Sheriff. They note that petitioner is now in the custody of the State of Texas and that county officials are therefore not proper respondents in this habeas corpus case.

The proper respondent in a habeas corpus case is the person having custody of the petitioner. *See*, *e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). There is no dispute that neither McCown nor Howell has custody of the petitioner. Because McCown and Howell are not proper parties to this action, their motion to be dismissed is GRANTED.

   B.   Pigott's Claims For Relief

In her first claim, Pigott contends that the prosecutor aggressively prosecuted her in retaliation for filing pre-trial motions. Pigott also claims that the prosecutor engaged in improper

closing argument, appealing to jurors' prejudices and passions in asking them to vote to convict. Pigott's defense theory was that she suffers from a medical disability that causes her to "seize" up under pressure, that she was afraid when the police officer stopped her, and that her actions following the stop were driven by that disability-based fear.

1. Retaliation

In her first claim for relief, Pigott argues that the prosecution was particularly aggressive in retaliation for Pigott filing *pro* se pre-trial motions in which she claimed that the police officers acted illegally. Prosecutorial retaliation for a defendant's exercise of a constitutional right may violate due process. *See*, *e.g.*, *Blackledge v. Perry*, 417 U.S. 21 (1974). In evaluating such a claim, a court must balance the conflicting interests of due process and the prosecutor's charging discretion. *Deloney v. Estelle*, 713 F.2d 1080, 1083 (5th Cir. 1983).

In support of this claim, Pigott cites a statement by the prosecutor:

> I have a job under the law to see that justice is done. Not to be hell-bent on convictions. Now I will concede in this case, based on what this defendant did and what she put those officers through, yeah, I'm hell-bent on a conviction in this case. But I'm going to do it the right way.

4 Tr. At 157. Pigott contends that this statement proves the prosecutor's retaliatory motive. Viewed in the context of the entire closing argument, however, it is clear that when the prosecutor talked about "what she put those officers through," he was referring to events on the highway, not Pigott's pretrial motions. The prosecutor continued:

> The defendant chose to ignore the law and pull over to the wrong side of the road. Then she ignored the officer's commands to move to the proper side of the road and bring herself into compliance with the law. He's already a bit suspicious.
>
> Well, why did he tell you he's suspicious? He doesn't know what's going on. Is he dealing with an intoxicated person? Is he dealing with a person who is somehow becoming incapacitated? Is

> he dealing with a person who wants to harm him? Or is he dealing with a person who has something to hide? He has no clue.
>
> Do you have any idea what it's like to walk up to that car in the dark and not have any clue what you're dealing with? Can you imagine a more frightening feeling?

4 Tr. at 159.

As noted above, and as Pigott concedes, Pigott turned a routine traffic stop into a high speed chase. She did so even after a second police officer appeared on the scene, as she originally requested. Her current self-serving interpretation of the events on the road and at trial is not the only plausible interpretation of the prosecutor's comments. The comments that she regards as proof-positive of retaliatory intent are easily understood as expressing a determination to obtain a conviction because she engaged in acts that placed the police officers in danger. Pigott has not demonstrated retaliation by the prosecutor.

### 2. Closing Argument

#### a. Procedural Default

Abbott argues that Pigott's claim regarding allegedly improper closing argument is procedurally defaulted. The procedural default doctrine may bar federal review of a claim. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). The Supreme Court has noted that

> [i]n all cases in which a state prisoner had defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750-51), *cert. denied*, 523 U.S. 1125 (1998); *see also Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (finding the cause and prejudice standard to be "grounded in concerns of comity and federalism").

The 13th Court of Appeals found that Pigott failed to lodge a timely objection to the prosecutor's comments, and thereby preserve her claim for review. Pigott states that she objected after the prosecutor finished his argument and moved for a mistrial and that this was sufficient to preserve the claims. She also contends that the Court's ruling is inconsistent with both Texas and federal law.

To preserve a claim for federal review, a defendant must make a specific and timely objection at the time of the allegedly objectionable conduct. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977); *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999) (Texas applies its contemporaneous objection rule 'strictly and regularly' and . . . it is an 'independent and adequate state-law procedural ground sufficient to bar federal court habeas review of federal claims'") (quoting *Amos v. Scott*, 61 F.3d 333, 345 (5th Cir. 1995)), *cert. denied*, 528 U.S. 1145 (2000). Failure to object constitutes a procedural default, which bars federal habeas review unless the petitioner shows cause for the default, and actual prejudice flowing from the alleged constitutional violation, or a miscarriage of justice. *Sykes*, 433 U.S. at 87, 80.

Pigott cites Texas law for the proposition that a motion for a mistrial made at the conclusion of the prosecutor's argument is sufficient to preserve the claim. In *Young v. State*, 137 S.W.3d 65 (Tex. Crim. App. 2004), the Texas Court of Criminal Appeals held that a motion

for a mistrial is sufficient to preserve a claim of error if the error could not have been cured by an instruction from the trial court. *Id.* at 70.

The 13th Court of Appeals cited *Threadgill v. State*, 146 S.W.3d 464 (Tex. Crim. App. 2004) for the proposition that an objection is necessary to preserve a claim for appeal. It is implicit in the Court of Appeals' decision that the alleged error was curable by an instruction. Pigott, unsurprisingly, argues that it was not.

As discussed below, the prosecutor's argument was not improper. If it was improper, however, there is no reason that an instruction to disregard the comments could not have cured the error. Pigott was therefore required to lodge a contemporaneous objection to preserve the claim of error for appeal. Her failure to do so falls within a regularly followed state procedural bar, and this claim is thus procedurally defaulted.

      b. <u>Prosecutorial Misconduct</u>

In closing argument, the prosecutor argued that Pigott's actions were not motivated by fear, but by arrogance:

> Was she ticked off? This cop had the nerve to stop her and demand that she present her driver's license, a lowly police officer daring to confront a medical doctor? You've seen her attitude. She's arrogant with me. What do you think she treated him like?

4 Tr. at 162. Pigott claims that this was an improper appeal to passion or prejudice. Procedural default notwithstanding, Pigott is not entitled to relief on this claim.

"To constitute a due process violation, prosecutorial misconduct must be "'of sufficient significance to result in the denial of the defendant's right to a fair trial.'" *Greer v. Miller*, 483 U.S. 756, 765 (1987) (quoting *United States v. Bagley*, 473 U.S. 667, 676 (1985) (quoting *United States v. Agurs*, 427 U.S. 97, 108 (1976)). "'A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly

conducted.'" *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (quoting *Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992)), *cert. dismissed*, 531 U.S. 1134 (2001). The Fifth Circuit has observed that a "prosecutor's improper [conduct] will, in itself, exceed constitutional limitations in only the most egregious cases." *Menzies v. Procunier*, 743 F.2d 281, 288-89 (5th Cir. 1984). "[I]t is not enough that the prosecutor's remarks were undesirable or even universally condemned." *Barrientes*, 221 F.3d at 753 (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)).

Under Texas law, a prosecutor may present argument to the jury on four types of issues: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) responses to opposing counsel's argument; and (4) pleas for law enforcement. *Moody v. State*, 827 S.W.2d 875, 894 (Tex.Crim.App.), *cert. denied sub nom. Moody v Texas*, 506 U.S. 839 (1992). The prosecutor's remarks in this case clearly fall within the reasonable deductions from the evidence category. While Pigott makes certain claims about her mental state and thought processes, the prosecutor asked the jurors to draw different conclusions based on their own observations. Certainly, the comments in this case were not so egregious as to deny Pigott a fair trial.

IV.     Conclusion

For the foregoing reasons, Pigott fails to raise a viable claim for habeas relief. Her petition must be dismissed with prejudice for the reasons stated in this opinion.

V.      Certificate of Appealability

Pigott has not requested a certificate of appealability ("COA"), but this Court may determine whether she is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely

states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, "the determination of whether a COA should issue must be made by viewing the petitioner's arguments through the lens of the

deferential scheme laid out in 28 U.S.C. § 2254(d)." *Barrientes v. Johnson*, 221 F.3d 741, 772 (5th Cir. 2000), *cert. dismissed*, 531 U.S. 1134 (2001).

This Court has carefully considered Pigott's claims. The Court finds that the claims are foreclosed by clear, binding precedent. This Court concludes that under such precedents, Pigott has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Pigott is not entitled to a certificate of appealability.

VI.   Order

For the foregoing reasons, it is ORDERED as follows:

A.   Respondents Josh McCown's and Jess Howell's Motion to dismiss County Respondents (Doc. # 11) is GRANTED;

B.   Petitioner Shirley Persons Pigott's Petition for Writ of Habeas Corpus (Doc. # 1) is in all respects DENIED; and

C.   No certificate of appealability shall issue.

The Clerk shall provide a copy of this Memorandum and Order to the parties.

SIGNED at Houston, Texas this 8th day of November, 2012.

_____

Kenneth M. Hoyt
United States District Judge